IN THE MATTER OF the GUARDIANSHIP OF WILLA L.:
Jennifer J. TOWNSEND, Petitioner-Respondent,

v.

Thomas MASSEY and Rebecca Massey,
Respondents-Appellants.

Court of Appeals

*No. 2010AP3159. Submitted on briefs August 9, 2011.
—Decided November 10, 2011.*

2011 WI App 160

(Also reported in 808 N.W.2d 155.)

On behalf of the respondents-appellants, the cause was submitted on the briefs of *Terry L. Moore* of *Herrick & Hart, S.C.*, Eau Claire.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Steven L. Miller* of *Miller & Miller*, River Falls.

Before Lundsten, P.J., Vergeront and Blanchard, JJ.

¶ 1. LUNDSTEN, P.J. This appeal concerns a guardianship proceeding in which Willa L., the mother of Jennifer Townsend and Rebecca Massey, was found to be in need of permanent guardianship due to a degenerative brain disorder. Jennifer Townsend was

appointed permanent guardian, and she was granted certain powers, including the power to supervise contact for 90 days between Willa and Jennifer's sister and the sister's husband, Rebecca and Thomas Massey. In a subsequent proceeding, Townsend's powers were extended and modified. The Masseys appeal, challenging the validity of the guardianship powers that give Townsend the power to restrict their contact with Willa. We affirm the circuit court.

## *Background*

¶ 2.  Jennifer Townsend petitioned for guardianship of her mother, Willa L. The petition alleged that the guardianship was necessary because Willa suffers from "dementia and memory loss," rendering her unable "to make reasonable decisions regarding her care and safety." The petition also alleged that Willa is unable "to refuse communication or visits from potentially abusive family members."

¶ 3.  On May 26, 2010, after a hearing, the court appointed Townsend as temporary guardian. The written order found that there was a reasonable likelihood that Willa was incompetent, appointed Townsend as temporary guardian, and granted Townsend the authority to "control communication and visitation" between Willa and "family members."

¶ 4.  In July 2010, the court held a hearing on permanent guardianship. Rebecca Massey, another of Willa's children, appeared at this hearing with her husband, Thomas Massey. Neither the Masseys nor anyone else contested the need for a guardianship. The hearing addressed who should be the permanent guardian and whether and to what extent the guardian should have the power to restrict contact between Willa

117

and the Masseys. There was testimony that Willa at times suffered "great stress" from her contact with Rebecca. Willa's guardian ad litem explained that there was reason to believe that phone contact with Rebecca has the potential to cause "more distress than is good for [Willa]" and that "inadvertences on the part of the Masseys . . . have in the past caused [Willa] great anxiety." The guardian ad litem recommended that the court impose contact restrictions, and also stated that Willa requested, in effect, that Townsend be her guardian.

¶ 5.　On July 22, 2010, the court issued a written permanent guardianship order finding Willa incompetent and appointing Townsend as permanent guardian. The order provided, among other things, that Townsend, as guardian, had the power to "supervise" and record telephone communications and to "control, supervise and prohibit" personal contact between Willa and the Masseys for a period of 90 days.

¶ 6.　On October 4, 2010, Townsend moved to modify and extend the contact-related powers of the guardianship, citing events subsequent to the July hearing. Townsend filed an amended motion on the same topic on October 6, 2010. The Masseys responded with their own set of requests. The circuit court held an evidentiary hearing. On November 18, 2010, the court issued a written order that modified the July order and granted Townsend ongoing power to control or supervise the Masseys' contact with Willa.

¶ 7.　The Masseys filed a notice of appeal on December 27, 2010. We discuss additional facts as necessary below.

### Discussion

¶ 8.   The Masseys complain about the May 2010 temporary guardianship order, the July 2010 permanent guardianship order, and the November 2010 modification order. For the reasons discussed below, we do not reach the merits of the Masseys' arguments.

### A.   The Appeal Is Not Timely With Respect To The May 2010 And July 2010 Orders

¶ 9.   The Masseys' notice of appeal was filed December 27, 2010, which was 215 days after the May 2010 order, 158 days after the July 2010 order, and 39 days after the November 2010 order. It is undisputed that the 90–day time limit for filing an appeal applies and, therefore, on its face the appeal is timely only with respect to the November 2010 order. *See* WIS. STAT. § 808.04(1)[1] ("An appeal to the court of appeals must be initiated . . . within 90 days of entry [of a final judgment or order] if notice is not given . . . .").

¶ 10.   The Masseys' brief-in-chief makes several arguments and statements regarding all three orders and the related proceedings, but ignores whether the appeal is timely with respect to each of the three orders. In her responsive brief, Townsend argues that the appeal is not timely with respect to either the May 2010 or July 2010 orders. The Masseys' reply brief asserts that the July 2010 order was non-final and so is reviewable as a non-final order leading up to the November 2010 order. The Masseys do not separately discuss the timeliness of the May 2010 order, but rather appear to similarly assume that it is non-final and may

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

119

be reviewed if the July 2010 order was non-final. Thus, the appealability of the May and July orders hinges on the proposition that the July 2010 order was non-final. However, as we explain below, the July 2010 order was final.

¶ 11.   A notice of appeal from a final order must be timely filed to give this court jurisdiction over the appeal. WIS. STAT. RULE 809.10(1)(e). Whether an order is final presents a question of law that we review *de novo*. *Sanders v. Estate of Sanders*, 2008 WI 63, ¶ 21, 310 Wis. 2d 175, 750 N.W.2d 806. On this topic, our supreme court has explained:

> [A] document constitutes the final document for pur-
> poses of appeal when it satisfies each of the following
> conditions: (1) it has been entered by the circuit court,
> (2) it disposes of the entire matter in litigation as to one
> or more parties, and (3) it states on the face of the
> document that it is the final document for purposes of
> appeal.

*Tyler v. RiverBank*, 2007 WI 33, ¶ 26, 299 Wis. 2d 751, 728 N.W.2d 686. "The test of finality is not what later happened in the case but rather, whether the trial court contemplated the document to be a final judgment or order at the time it was entered. This must be estab-lished by looking at the document itself, not to subse-quent events." *Fredrick v. City of Janesville*, 92 Wis. 2d 685, 688, 285 N.W.2d 655 (1979).

¶ 12.   Turning to the July 2010 guardianship or-der, that order was titled "Determination and Order on Petition for Guardianship Due to Incompetency," and included the statement:  "This is a final judgment/ order for purposes of appeal." Among other things, the order contained the court's finding of Willa's incompe-

tency, appointed Townsend as guardian, and ordered that certain of Willa's rights were removed and other of Willa's rights were transferred to the guardian. The order's section titled "Powers to be transferred to Guardian" referred to an attached addendum. That addendum stated additional findings, and granted the guardian "additional specific powers" that included the following:

> 2. The Guardian has the power to supervise telephone communication between [Willa] and Rebecca and/or Thomas Massey, including telephone communication initiated by [Willa].

> 3. All telephone communication with [Willa] shall be recorded for ninety (90) days. An extension or other modification of this authority may be granted by the Court.

> 4. The Guardian has the power to control, supervise and prohibit personal contact and visitation between [Willa] and Rebecca and/or Thomas Massey, including personal contact initiated by [Willa].

> 5. Personal contact between [Willa] and Rebecca and/or Thomas Massey shall be supervised by a neutral, non-family member for ninety (90) days. Continued supervised visits may be granted by the Court upon motion of the Guardian.

¶ 13.    The Masseys' argument that this order was not final begins with a mischaracterization. The Masseys broadly assert that the July guardianship order was "effective for only 90 days." That is not correct. The only expiration dates in the order relate to the provisions authorizing the recording of conversations and the limiting of personal contact.

¶ 14.    The Masseys next argue that the contact powers were left unsettled by the July guardianship

121

order and were only "finally determined" in the November modification order. The Masseys believe that this scenario renders the July guardianship order non-final. We disagree.

¶ 15. We first observe that the Masseys' arguments are insufficiently developed. To the extent we can discern what the Masseys' arguments are, the arguments have no merit. For example, the Masseys seem to argue that we should view the July guardianship order in light of the subsequent modification proceeding. But, as noted above, finality is determined "by looking at the document itself, not to subsequent events." *See id.* at 688.

■

¶ 16. The Masseys appear to argue that it matters that the circuit court stated at the time of the July order that it might later extend or modify the order. If the Masseys mean to make this argument, it is unavailing. The court's observation is nothing more than a recognition that the guardianship order in this case, like guardianship orders generally, might be altered in the future. We agree with Townsend that there is no rule preventing guardianship matters from generating a series of final orders. *See* Wis. Stat. § 54.63 (providing for further proceedings to address expansion of a guardianship order) and Wis. Stat. § 54.64(2) (providing for further proceedings for review and modification of guardianships); *cf. Sanders,* 310 Wis. 2d 175, ¶ 26 (explaining that "the probate of an estate is a series of special proceedings, which are terminated with a series of orders that are final orders for the purposes of an appeal").

■

¶ 17. The July 2010 order was final and appealable because it stated on its face that it was final for purposes of appeal and it did not require further action.

Indeed, the circuit court made this clear when it explained that, going forward, "[i]f something has to be reviewed by the court, parties can make a petition to that effect."

¶ 18. Accordingly, none of the Masseys' arguments directed at the May 2010 and July 2010 orders are properly before us.

## B. The Masseys Forfeited Their Arguments Directed At The November 2010 Order

¶ 19. As to the November 2010 order, the Masseys make several arguments. In response, Townsend takes the position that all of the Masseys' arguments are raised for the first time on appeal and are, therefore, forfeited.[2] The Masseys reply by admitting that their appellate arguments are new, but they contend that their new arguments have not been forfeited because those arguments relate to "issues" that were raised below. We disagree with the Masseys' interpretation of forfeiture law as it applies to arguments raised for the first time on appeal.[3]

¶ 20. There is no need to list all of the Masseys' new arguments and the alleged related preserved is-

---

[2] Given our conclusions in part A., we need not address forfeiture of the Masseys' arguments directed at the May 2010 and July 2010 orders. We simply note that our forfeiture discussion applies equally to the Masseys' arguments directed at the May 2010 and July 2010 orders.

[3] Although "waiver" was previously the commonly used term in this context, the supreme court has explained that the correct term is "forfeiture." *See State v. Ndina*, 2009 WI 21, ¶¶ 28–30, 315 Wis. 2d 653, 761 N.W.2d 612 ("forfeiture" is the failure to make the timely assertion of a right; "waiver" is the intentional relinquishment or abandonment of a known right).

sues. Instead, we present one example. On appeal, the Masseys argue that the circuit court lacked competency to proceed in the November modification hearing because Willa was not present at the hearing. This argument is based on subsections in the guardianship chapter of the statutes. The Masseys cite WIS. STAT. § 54.42(5), which states: "The . . . ward has the right to be present at any hearing regarding the guardianship." They also cite a guardianship "[r]eview and modification" provision, WIS. STAT. § 54.64(2)(a)4., that refers to "a hearing at which the ward is present." However, the Masseys do not point to any place in the record where they argued that the circuit court lacked competency to proceed based on these statutory provisions. Instead, the Masseys point to a place in the record where they requested that the circuit court communicate directly with Willa and, arguably, suggested that the court should do so. This request and suggestion, however, are not accompanied by any legal argument as to why Willa needed to be present at the November 2010 hearing.

██

¶ 21.  By raising the general issue of whether the circuit court should hear from Willa, the Masseys apparently believe that they have preserved all of the arguments they might now make regarding the circuit court's competency to proceed at the November hearing because Willa was absent.[4] That is incorrect.

---

[4] The Masseys concede that forfeiture may apply to a challenge to the circuit court's competency. To the extent the Masseys may be asserting that we should nonetheless address this topic based on our discretionary power under WIS. STAT. § 752.35, we decline to do so. Apart from the bald assertion that the topic is "important," the Masseys do not develop an argument that this is an exceptional case warranting application of

¶ 22. The Masseys rely on a footnote in *Goudy v. Yamaha Motor Corp.*, 2010 WI App 55, 324 Wis. 2d 441, 782 N.W.2d 114, which reads, in relevant part:

> Although we will not generally review an issue raised for the first time on appeal, *Wirth v. Ehly*, 93 Wis. 2d 433, 443, 287 N.W.2d 140 (1980), we will permit a new argument to be raised on an issue which was raised below, *State v. Holland Plastics Co.*, 111 Wis. 2d 497, 504–05, 331 N.W.2d 320 (1983).

*Id.*, ¶ 26 n.13. The Masseys interpret this footnote as holding that appellate courts must address the merits of new legal arguments so long as the arguments somehow relate to a general issue that was raised before the circuit court. This is a misreading of our footnote in *Goudy*.

■

¶ 23. Our *Goudy* footnote says that "we will permit a new argument to be raised"; it does not say that we *must* address new arguments. The footnote is consistent with the rule that we have the discretion to address arguments raised for the first time on appeal. *See State v. Moran*, 2005 WI 115, ¶ 31, 284 Wis. 2d 24, 700 N.W.2d 884. For example, we have explained that the forfeiture rule is one of judicial administration, and appellate courts have the authority to ignore forfeiture when a case presents an important recurring issue. *See Olmsted v. Circuit Court for Dane Cnty.*, 2000 WI App 261, ¶ 12, 240 Wis. 2d 197, 622 N.W.2d 29.

----

§ 752.35. *See Vollmer v. Luety*, 156 Wis. 2d 1, 11, 456 N.W.2d 797 (1990) (court will exercise its power of discretionary reversal and review "only in exceptional cases"). Also on the competency topic, the Masseys assert, without an accompanying legal argument, that the failure to secure Willa's presence at the November hearing was "plain error requiring reversal." We will not address this bare assertion.

¶ 24. The *Goudy* footnote cites to *State v. Holland Plastics Co.*, 111 Wis. 2d 497, 331 N.W.2d 320 (1983). In that case, the supreme court, when choosing to address a particular argument, wrote: "This is merely an additional argument on issues already raised by the defendants and the general rule against raising issues for the first time on appeal does not prevent the state from making its argument in this court." *Id.* at 505. This statement is plainly true. Nothing prevents a party from making an argument for the first time on appeal and, as the statement implies, nothing prohibits an appellate court from addressing a new argument. Thus, like our *Goudy* decision, *Holland Plastics* does not *require* appellate courts to consider new arguments.

¶ 25. In *Schonscheck v. Paccar, Inc.*, 2003 WI App 79, 261 Wis. 2d 769, 661 N.W.2d 476, we noted *Holland Plastics*, and went on to explain that the "fundamental" forfeiture inquiry is whether a legal argument or theory was raised before the circuit court, as opposed to being raised for the first time on appeal in a way that would "blindside" the circuit court. *See Schonscheck*, 261 Wis. 2d 769, ¶¶ 10–11. That case and countless others after *Holland Plastics* have reaffirmed that the forfeiture rule focuses on whether particular arguments have been preserved, not on whether general issues were raised before the circuit court. *See, e.g., State v. Rogers*, 196 Wis. 2d 817, 827, 539 N.W.2d 897 (Ct. App. 1995) (explaining that the forfeiture rule requires that, to preserve its arguments, a party must "make all of their arguments to the trial court").

¶ 26. We observe that the rule the Masseys advocate would seriously undermine the incentives parties now have to apprise circuit courts of specific arguments in a timely fashion so that judicial resources are used efficiently and the process is fair to the opposing party.

In *State v. Ndina*, 2009 WI 21, 315 Wis. 2d 653, 761 N.W.2d 612, the supreme court summarized the reasons for applying the forfeiture rule, namely, that applying the forfeiture rule promotes efficient and fair litigation:

> The purpose of the "forfeiture" rule is to enable the circuit court to avoid or correct any error with minimal disruption of the judicial process, eliminating the need for appeal. The forfeiture rule also gives both parties and the circuit court notice of the issue and a fair opportunity to address the objection; encourages attorneys to diligently prepare for and conduct trials; and prevents attorneys from "sandbagging" opposing counsel by failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal.

*Id.*, ¶ 30 (footnotes omitted); *see also Rogers*, 196 Wis. 2d at 827 (the forfeiture rule "is based on a policy of judicial efficiency").

■

¶ 27.  Accordingly, we reject the Masseys' proposition that we must address the merits of new legal arguments made on appeal so long as the arguments somehow relate to an issue that was raised before the circuit court. It follows that the Masseys' new appellate arguments have been forfeited. We perceive no reason to ignore this forfeiture.[5]

---

[5] The Masseys point out that they appeared *pro se* at the November hearing, but they do not develop an argument that their *pro se* status matters for purposes of our forfeiture analysis. Generally, *pro se* litigants are bound to the same procedural law as attorneys. *See Larson v. Burmaster*, 2006 WI App 142, ¶ 47, 295 Wis. 2d 333, 720 N.W.2d 134 (quoting *Waushara Cnty. v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992)). The Masseys have not explained why this general rule should not apply here.

## C. Motion For Costs And Attorney's Fees

¶ 28. Townsend moves for costs and attorney's fees for a frivolous appeal, pursuant to WIS. STAT. RULE 809.25(3). Townsend's respondent's brief was filed on April 18, 2011, and her motion was filed on April 25, 2011. As pertinent here, RULE 809.25(3) requires: "A motion for costs, fees, and attorney fees under this subsection shall be filed no later than the filing of the respondent's brief . . . ." Accordingly, Townsend's motion was not timely. Further, it does not matter that Townsend raised the topic in her responsive brief—a request for costs and fees in a responsive brief is not sufficient. *See Howell v. Denomie*, 2005 WI 81, ¶ 19, 282 Wis. 2d 130, 698 N.W.2d 621. Thus, we deny Townsend's motion as untimely.

### Conclusion

¶ 29. For the reasons discussed, we affirm the circuit court's order. We deny as untimely Townsend's motion for costs and attorney's fees for a frivolous appeal.[6]

*By the Court.*—Order affirmed.

---

[6] Given our above conclusions, we need not address Townsend's alternative arguments, which include an argument that the Masseys do not have standing to appeal.