COURT OF APPEALS
DECISION
DATED AND FILED

August 7, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP699-CR**

Cir. Ct. No. 2017CF52

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

JUSTIN TREVOR KNUTSON,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Marquette County: MARK T. SLATE, Judge. *Affirmed*.

Before Blanchard, Kloppenburg, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Justin Knutson pled no contest to one count of operating with a prohibited alcohol concentration, as a fifth or sixth offense, based on evidence obtained after a sergeant with the Marquette County Sheriff's Office stopped Knutson's vehicle. On appeal, Knutson argues that the circuit court erred in denying his motion to suppress the evidence. More specifically, Knutson argues that the sergeant violated his Fourth Amendment rights when the sergeant stopped Knutson's vehicle because the sergeant lacked reasonable suspicion that Knutson was violating a traffic law and the community caretaker exception to the warrant requirement did not apply. We conclude that the sergeant's stop of Knutson's vehicle was justified under the community caretaker exception, and, therefore, we need not consider whether the sergeant had reasonable suspicion to stop Knutson. *See **Lamar Cent. Outdoor, LLC v. DHA***, 2019 WI 109, ¶41, 389 Wis. 2d 486, 936 N.W.2d 573 ("'As one sufficient ground for support of the judgment has been declared, there is no need to discuss the others urged.'" (quoted source omitted)). Accordingly, we affirm.[1]

## BACKGROUND

¶2 Knutson filed a motion to suppress evidence obtained after the sergeant stopped his vehicle, arguing that the stop was unconstitutional because the sergeant lacked reasonable suspicion that Knutson had violated, or was violating, any traffic laws. The circuit court held a hearing on Knutson's motion

---

[1] In his notice of appeal and initial appellant's brief, Knutson asserts that he is also appealing the circuit court's denial after a hearing of his postconviction motion based on ineffective assistance of counsel. However, Knutson does not develop an argument regarding this issue on appeal, and, accordingly, we deem it abandoned. *See **State v. Ledger***, 175 Wis. 2d 116, 135, 499 N.W.2d 198 (Ct. App. 1993) ("On appeal, issues raised but not briefed or argued are deemed abandoned.").

at which the sergeant testified to the following, all of which was explicitly or implicitly credited by the court. At approximately 3:00 a.m., the sergeant was on patrol when he saw a vehicle turn off of a state highway and stop "in the lane of traffic" on the intersecting road, within one to two car lengths of the highway. The sergeant was concerned for the health or safety of the driver, testifying, "I didn't know if there was some sort of a medical emergency going on or, you know, if someone was in need of some type of assistance, I don't know what the issue was for them to stop in the middle of the roadway." The sergeant turned onto the road behind the stopped vehicle and activated his emergency lights. The vehicle then pulled forward and over to the side of the road and stopped. After calling in the stop to dispatch, the sergeant approached the vehicle and made contact with its occupants. The sergeant "identified the driver verbally" and identified the passenger based on the passenger's driver's license. The driver was identified as Knutson.

¶3 The prosecutor played a portion of the sergeant's squad car's dash cam video recording, from the time the sergeant first saw Knutson's vehicle approaching on the highway and turning onto the intersecting road until the sergeant called in the stop to dispatch. The prosecutor stopped the video recording before the sergeant left his squad car and made contact with Knutson.

¶4 At the hearing, Knutson reiterated the argument he had made in his motion that the sergeant did not have reasonable suspicion that Knutson was violating or had violated any traffic laws, and also argued that the sergeant had no reason to believe that there was "a medical issue." The State argued that the sergeant was acting in his community caretaker capacity when he stopped Knutson's vehicle to determine if there was a medical issue or some other reason that one or more of the vehicle's occupants needed assistance.

¶5    The circuit court concluded that the stop was lawful under the community caretaker exception to the Fourth Amendment's warrant requirement. Specifically, the court concluded that the "interest of the [sergeant] to determine whether or not there is an injury, whether or not there is some other activity that might be going on in that particular vehicle to cause [it] to stop in the middle of the traffic lanes … does outweigh the very slight intrusion" on Knutson's privacy. In reaching its conclusion, the court indicated that the passing references in the testimony to the sergeant's identification of the occupants of the vehicle were not relevant to "the purposes of this particular motion." Based on its conclusion that the stop was "a proper exercise of the community caretaker function," the court denied the motion to suppress.

¶6    Knutson appeals.

## DISCUSSION

¶7    "Whether evidence should be suppressed is a question of constitutional fact." *State v. Truax*, 2009 WI App 60, ¶8, 318 Wis. 2d 113, 767 N.W.2d 369. "In reviewing questions of constitutional fact, we will uphold a circuit court's factual findings unless they are clearly erroneous, but we will independently decide whether those facts meet the constitutional standard." *Id.* Pertinent here, "we independently review whether an officer's community caretaker function satisfies the requirements of the Fourth Amendment." *State v. Kramer*, 2009 WI 14, ¶16, 315 Wis. 2d 414, 759 N.W.2d 598.

¶8    The Fourth Amendment protects against unreasonable searches and seizures by the government. *State v. Pinkard*, 2010 WI 81, ¶13, 327 Wis. 2d 346, 785 N.W.2d 592. "'Subject to a few well-delineated exceptions, warrantless searches [and seizures] are deemed per se unreasonable under the Fourth

Amendment.'" *Id.* (quoted source omitted). "One of those exceptions may arise when a police officer is serving as a community caretaker to protect persons or property." *State v. Ultsch*, 2011 WI App 17, ¶10, 331 Wis. 2d 242, 793 N.W.2d 505 (2010).

¶9 "[O]fficers act as community caretakers when, viewed objectively, they engage in activities 'totally divorced from the detection, investigation, or acquisition of evidence' of a crime." *State v. Wiskowski*, 2024 WI 23, ¶16, 412 Wis. 2d 185, 7 N.W.3d 474 (quoted source omitted). To determine whether the community caretaker exception justifies a warrantless seizure, a court must determine: (1) whether a seizure under the Fourth Amendment has occurred; (2) if so, whether the officer was acting as a bona fide community caretaker; and (3) "'if so, whether the public need and interest outweigh the intrusion upon the privacy of the individual.'" *Kramer*, 315 Wis. 2d 414, ¶21 (quoted source omitted). "The State bears the burden of proving that the officer's conduct fell within the scope of a reasonable community caretaker function." *Id.*, ¶17.

¶10 *Whether seizure occurred*. The parties do not dispute that the sergeant seized Knutson when the sergeant activated his emergency lights behind Knutson's vehicle, causing Knutson to pull over to the side of the road.

¶11 *Whether the sergeant was acting as a bona fide community caretaker*. "Wisconsin courts 'carefully examine[] the expressed concern for which the community caretaker function was undertaken to determine if it was bona fide.'" *Ultsch*, 331 Wis. 2d 242, ¶15 (quoted source omitted). The question is whether, based on the totality of the circumstances, "there is an 'objectively reasonable basis' to believe there is 'a member of the public who is in need of assistance.'" *Id.* (quoted source omitted); *Kramer*, 315 Wis. 2d 414, ¶30. While

5

an officer's subjective intent is not determinative, it "constitutes a factor that may be considered in the totality of the circumstances." *Kramer*, 315 Wis. 2d 414, ¶¶30-31.

¶12 To repeat, the sergeant testified that, at approximately 3:00 a.m., he "was concerned there may be some type of issue going on," including a medical issue, "[d]ue to the vehicle being [stopped] in the middle of [the] roadway" after it turned off of the highway. The circuit court found that these were "unusual circumstance[s]." Based on the totality of the circumstances as testified to by the sergeant and found by the circuit court, we conclude that there was an "'objectively reasonable basis'" for the sergeant to believe that there was at least one "'member of the public who [was] in need of assistance.'" *See Ultsch*, 331 Wis. 2d 242, ¶15 (quoted source omitted). The "unusual circumstances" of a vehicle turning off of the highway and abruptly stopping in the road could lead a reasonable police officer to believe that a person in the vehicle was in need of assistance, including medical care.

¶13 Knutson asserts that the sergeant's subjective motivation for the stop was curiosity or a hunch, and that "there did not appear to be any medical issues." Knutson provides no record support for his assertion regarding the sergeant's subjective intent, and the record shows that the sergeant repeatedly denied being merely "curious" and testified that he was concerned about the welfare of the vehicle's occupants. Further, we reject Knutson's unsupported argument about the sergeant's subjective intent because the objective circumstances were sufficient to cause a reasonable officer to believe that a member of the public required assistance. *See Kramer*, 315 Wis. 2d 414, ¶30 ("[I]n a community caretaker context, when under the totality of the circumstances an objectively reasonable

6

basis for the community caretaker function is shown, that determination is not negated by the officer's subjective law enforcement concerns.").

¶14     *Whether the sergeant's exercise of a bona fide community caretaker function was reasonable.*   We analyze the reasonableness of the sergeant's exercise of a bona fide community caretaker function "by balancing a public interest or need that is furthered by the [sergeant's] conduct against the degree of and nature of the restriction upon the liberty interest of the citizen." ***Id.***, ¶40.  In conducting this balancing test and assessing reasonableness, this court considers the following factors:

> "(1) the degree of the public interest and the exigency of the situation; (2) the attendant circumstances surrounding the seizure, including time, location, the degree of overt authority and force displayed; (3) whether an automobile is involved; and (4) the availability, feasibility and effectiveness of alternatives to the type of intrusion actually accomplished."

***Id.***, ¶41 (quoted source omitted).  As we now explain, all four factors weigh in favor of the reasonableness of the sergeant's exercise of a bona fide community caretaker function.

¶15     With respect to the first factor, "the public has a substantial interest in police offering assistance to motorists who may need assistance, especially after dark and in less urban areas."  ***Truax***, 318 Wis. 2d 113, ¶18.  It was nearly 3:00 a.m. when the sergeant saw Knutson's vehicle come to a stop in the road, and the sergeant believed that one or more of the vehicle's occupants might be suffering from a medical emergency or otherwise need immediate assistance. "The public interest in police attending to persons who may need roadside assistance and the potential exigency of any medical concern lead us to view the first factor in favor of reasonableness." ***Id.***

7

¶16 In considering the second factor, "whether the time, location, and degree of authority and force displayed were appropriate under the circumstances," *see* **Kramer**, 315 Wis. 2d 414, ¶43, we note that the seizure occurred at 3:00 a.m. just off of a state highway, and the sergeant displayed overt authority by activating his emergency lights. "[T]he activation of the lights was also a safety precaution" because Knutson had stopped in the road after dark, and the sergeant wanted to alert any approaching traffic that the vehicles were there, for officer safety. *See id.* The sergeant then approached Knutson's vehicle on foot to make contact with the occupants. That "was the only reasonable approach" that the sergeant could take to perform his community caretaker function under these circumstances. *See id.*, ¶44. The record does not contain evidence of any other display of authority or force. In addition, the sergeant did not have control over the time or location of the seizure, because he stopped Knutson only when he saw Knutson's car stop in the road just off of the highway. Accordingly, we conclude that the second factor weighs in favor of reasonableness.

¶17 "Under the third factor, we consider whether the involvement of an automobile has an effect on whether the community caretaker function was reasonably performed." **Id.** A "'citizen has a lesser expectation of privacy in an automobile.'" **State v. Blatterman**, 2015 WI 46, ¶56, 362 Wis. 2d 138, 864 N.W.2d 26 (quoted source omitted). Given the objectively concerning circumstances regarding the manner in which the vehicle was being operated, the involvement of the vehicle "favors concluding that [the sergeant] reasonably performed his community caretaker function." *See* **Kramer**, 315 Wis. 2d 414, ¶44.

¶18 With respect to the fourth factor, "the feasibility and availability of alternatives," *see id.*, ¶45, Knutson does not argue, and we do not perceive, that there existed any feasible alternatives to the sergeant's actions that would have

allowed the sergeant to verify the welfare of the vehicle's occupants. Accordingly, the fourth factor also weighs in favor of reasonableness.

¶19 In sum, the community caretaker exception to the Fourth Amendment's warrant exception justified the sergeant's stop of Knutson's vehicle because: (1) a "seizure" occurred; (2) the sergeant was engaged in "'bona fide community caretaker activity'"; and (3) "'the public need and interest outweigh[ed] the intrusion upon the privacy of the individual,'" as shown by the application of the four reasonableness factors discussed above. *See id.*, ¶¶21, 41 (quoted source omitted). For this reason, we conclude that the State has carried its burden to show that the sergeant did not violate Knutson's Fourth Amendment rights when he stopped Knutson's vehicle.[2]

## CONCLUSION

¶20 For the reasons stated, we affirm the circuit court's denial of Knutson's motion to suppress.

---

[2] Knutson also argues on appeal that, if we conclude that the stop was justified by the community caretaker exception, we should conclude that the sergeant unlawfully extended the stop when, according to Knutson, the sergeant requested Knutson's driver's license. However, Knutson did not raise that argument in the circuit court. If he had, the burden would have fallen on the State to show that the stop was not unlawfully extended. But, in the absence of such an argument, neither side presented evidence to shed light on whether the stop might have been unlawfully extended. Specifically, there was no testimony relating, or video footage showing, precisely what transpired after the sergeant approached Knutson's vehicle and made contact with the vehicle's occupants. Accordingly, we deem this argument forfeited. *See Townsend v. Massey*, 2011 WI App 160, ¶25, 338 Wis. 2d 114, 808 N.W.2d 155 ("[T]he fundamental forfeiture inquiry is whether a legal argument or theory was raised before the circuit court, as opposed to being raised for the first time on appeal in a way that would blindside the circuit court."); *see also State v. Bodoh*, 226 Wis. 2d 718, 737, 595 N.W.2d 330 (1999) (Appellate courts may address an issue not considered below "only when the new issue raised is a question of law, the parties have thoroughly briefed the issue, and there are no disputed issues of fact regarding the new issue.").

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* W<small>IS</small>. S<small>TAT</small>. R<small>ULE</small> 809.23(1)(b)5. (2023-24).