COURT OF APPEALS
DECISION
DATED AND FILED

March 24, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.        **2023AP2055-CR**

Cir. Ct. No.  2021CF135

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

    V.

ANTHONY JOHN VALDEZ,

      DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: DAVID C. SWANSON, Judge. *Affirmed*.

Before White, C.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Anthony John Valdez appeals from an order denying his motion for postconviction relief. Valdez argues that he is entitled to resentencing or sentence modification because the circuit court relied on inaccurate information at sentencing and because the court was objectively biased. Valdez also seeks relief based on structural error and plain error, and ineffective assistance of counsel. We affirm because Valdez has not met his burden to prove sentencing on inaccurate information and has not overcome the circuit court's presumed impartiality.

## BACKGROUND

¶2 On July 10, 2020, Valdez drove his vehicle at speeds of up to 110 miles per hour and collided with a red Dodge Journey occupied by I.V. and M.V. The Dodge Journey was "damaged almost beyond recognition" and came to rest on its side "wrapped around the post of an overhead traffic signal." I.V. and M.V. died of blunt force trauma. Valdez's blood tested positive for delta-9-tetrahydrocannabinol (THC). Valdez admitted driving but claimed that he was fleeing a driver who had pointed a gun at him. His passenger made a similar statement.

¶3 The State charged Valdez with two counts of homicide by intoxicated use of a vehicle and two counts of second-degree reckless homicide. The parties later reached a plea agreement under which Valdez would plead guilty to two amended counts of homicide by negligent operation of a vehicle and the State would recommend ten years of initial confinement. The circuit court expressed concern about the reduction in charges and the proposed recommendation, but reiterated that Valdez remained presumed innocent and stated multiple times that "each case is different." The circuit court asked for additional corroborating information to

support the negotiated resolution. Trial counsel filed a memorandum in support of the plea negotiations. At the next hearing, the circuit court accepted the plea agreement.

¶4     Valdez pleaded guilty to two counts of homicide by negligent operation of a vehicle. Valdez submitted a private presentence investigation report (PSI), which recommended an overall sentence of six to eight years of initial confinement and eight years of extended supervision.

¶5     At sentencing, the State recommended ten years of initial confinement. Valdez's counsel recommended five to six years of initial confinement and argued that Valdez's youth, character, and family support warranted a lesser sentence. The circuit court described the crash scene as chilling, addressed the circumstances of the offense, and discussed Valdez's background, including his limited criminal record, compliance on bail, and young age. The court credited Valdez for accepting responsibility and concluded that the gravity of the offense was a "10" because two people were killed. The court sentenced Valdez on each count to four years of initial confinement and four years of extended supervision, consecutive, for a total of eight years of initial confinement.

¶6     Valdez filed a postconviction motion alleging that the circuit court had predetermined a long prison sentence and relied on inaccurate information about sentence lengths in other vehicular homicide cases. Valdez also asserted that the court committed plain error and structural error and that counsel was ineffective for failing to seek disqualification. The postconviction court denied the motion, concluding that Valdez did not overcome the presumption of impartiality and did not prove reliance on inaccurate information.

**ANALYSIS**

¶7      A defendant has a due process right to be sentenced on accurate information. *State v. Tiepelman*, 2006 WI 66, ¶9, 291 Wis. 2d 179, 717 N.W.2d 1. To obtain resentencing, the defendant must prove by clear and convincing evidence both that information at sentencing was inaccurate and that the circuit court actually relied on the inaccurate information. *State v. Coffee*, 2020 WI 1, ¶¶37-38, 389 Wis. 2d 627, 937 N.W.2d 579. In determining whether a circuit court actually relied on inaccurate information, we examine the whole sentencing transcript. *State v. Alexander*, 2015 WI 6, ¶29, 360 Wis. 2d 292, 858 N.W.2d 662.

¶8      Valdez argues that the circuit court relied on inaccurate information in two ways: by referencing other cases and crime statistics unrelated to vehicular homicide and by suggesting that similar conduct often results in lengthy prison sentences. The State responds that Valdez forfeited any claim about inaccurate crime statistics by failing to raise it in his postconviction motion. We agree. Forfeiture occurs when a party fails to raise an objection in the circuit court. *State v. Mercado*, 2021 WI 2, ¶35, 395 Wis. 2d 296, 953 N.W.2d 337. Arguments raised for the first time on appeal are forfeited. *Townsend v. Massey*, 2011 WI App 160, ¶¶19-27, 338 Wis. 2d 114, 808 N.W.2d 155. Valdez's postconviction motion challenged the circuit court's alleged prejudgment and its alleged inaccurate understanding of sentencing lengths in other vehicular homicide cases. It did not challenge the circuit court's broader comments about crime data or raise a notice-based due process claim related to those comments. Accordingly, we decline to address that claim.

¶9      Even if we were to address Valdez's crime-data argument, the record does not show actual reliance. The circuit court imposed an individualized sentence

based on the proper sentencing factors. *See Alexander*, 360 Wis. 2d 292, ¶22. The circuit court accepted mitigating evidence related to the circumstances of the crash, credited Valdez's limited criminal record and compliance on bail, noted his youth, and credited his acceptance of responsibility. The court then assessed the gravity of the offense and imposed consecutive sentences within the statutory limits and below the State's recommendation. On this record, Valdez has not shown by clear and convincing evidence that the circuit court relied on any broader crime statistics in fashioning the sentence. *See Coffee*, 389 Wis. 2d 627, ¶38.

¶10    Valdez also argues that the circuit court relied on inaccurate information when it referenced sentencing outcomes in other vehicular homicide cases. The postconviction court rejected this argument, concluding that Valdez's submissions did not demonstrate reliance on inaccurate information and that the circuit court was speaking anecdotally from its experience. We agree with the State that Valdez has not established actual reliance on inaccurate information. Our supreme court has expressly endorsed sentencing courts considering information about the distribution of sentences in similar cases. *State v. Gallion*, 2004 WI 42, ¶47, 270 Wis. 2d 535, 678 N.W.2d 197. Valdez's postconviction submissions— including selected cases and aggregated data—do not demonstrate that the circuit court's comments were materially inaccurate or that they formed the basis for the sentence imposed in this case. The sentencing transcript reflects that the circuit court grounded its sentence in the unique facts of Valdez's offense and Valdez's character, including the mitigating circumstances the court credited.

¶11    Valdez also argues that the circuit court was objectively biased because it allegedly prejudged that Valdez would receive a prison sentence. A defendant has a due process right to an impartial judge, and we presume that a judge acts fairly and without bias. *State v. Goodson*, 2009 WI App 107, ¶8, 320 Wis. 2d

166, 771 N.W.2d 385. To overcome that presumption, the party asserting bias must prove it by a preponderance of the evidence. *State v. McBride*, 187 Wis. 2d 409, 415, 523 N.W.2d 106 (Ct. App. 1994). Objective bias requires an appearance of bias that reveals a great risk of actual bias, or objective facts showing unfair treatment. *Goodson*, 320 Wis. 2d 166, ¶9.

¶12 Here, the record does not show that the circuit court prejudged Valdez's sentence in a manner that overcomes the presumption of impartiality. The circuit court's initial skepticism about the plea agreement does not establish bias because a circuit court may reject a plea agreement it deems not in the public interest. *State v. Conger*, 2010 WI 56, ¶27, 325 Wis. 2d 664, 797 N.W.2d 341. The circuit court requested additional information supporting the plea agreement, reiterated that Valdez remained presumed innocent, and stated that each case is different. The circuit court ultimately accepted the negotiated plea agreement. At sentencing, the circuit court considered the PSI, heard the parties' arguments, and imposed a sentence below the State's recommendation and consistent with the PSI recommendation. These circumstances do not demonstrate objective bias or an unalterable commitment to a predetermined sentence.

¶13 Finally, because Valdez did not meet his burden to establish sentencing on inaccurate information or objective bias, he has not demonstrated entitlement to relief on his remaining theories. The postconviction court correctly denied Valdez's claims of structural error and plain error and ineffective assistance of counsel.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2023-24).