In the INTEREST OF EUGENE W., a person Under the Age of 17:

STATE of Wisconsin, Petitioner-Respondent,

v.

EUGENE W., Respondent-Appellant.

Court of Appeals

*No. 01–2274. Submitted on briefs November 30, 2001.—Decided January 30, 2002.*

2002 WI App 54

(Also reported in 641 N.W.2d 467.)

263

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Michael Yovovich*, assistant state public defender.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Robert S. Flancher*, district attorney, Racine county, and *Jennifer Tanck-Adams*, assistant district attorney, Racine county.

Before Nettesheim, P.J., Brown and Anderson, JJ.[1]

¶ 1. NETTESHEIM, P.J. WISCONSIN STAT. § 938.355(6)(a) provides that if a juvenile who has been found to be in need of protection or services (JIPS) violates the conditions of the juvenile court's dispositional order, the court may impose sanctions provided

_____

[1] This court, on its own motion, asked the chief judge of the court of appeals to order that a three-judge panel decide this case. The chief judge granted our request by an order dated December 6, 2001. *See* WIS. STAT. RULE 809.41(3) (1999–2000). All statutory references are to the 1999–2000 unless otherwise indicated.

the court explained the conditions to the juvenile at the dispositional hearing and informed the juvenile of the possible sanctions.[2]

¶ 2. Eugene W. appeals from a juvenile court order imposing sanctions following his violation of the conditions recited in a JIPS dispositional order. Eugene is a juvenile in need of protective services based on the juvenile court's prior finding that he was incompetent to participate in the proceedings in an underlying delinquency petition. Eugene's ability to comprehend the conditions and sanctions was in question at the time of the JIPS dispositional order. Eugene argues that the order imposing sanctions violated his right to due process because the State did not establish, and the juvenile court did not determine, that he was able to comprehend the conditions of the JIPS order and the potential sanctions for violating those conditions.

¶ 3. We conclude that WIS. STAT. § 938.355(6)(a) requires that a juvenile court assure that the juvenile has the ability to comprehend the conditions of the dispositional order and potential sanctions whether informed of them at the dispositional hearing or at a later time. Since we decide this case on this statutory ground, we do not reach Eugene's constitutional challenge. We further conclude that once the juvenile raises this issue, the State has the burden to establish by clear and convincing evidence that the juvenile has such ability. Because the State did not make such a showing and because the juvenile court did not make a finding as to Eugene's ability to comprehend the conditions and

---

[2] Alternatively, the statute allows the court to impose sanctions if, before the violation, the juvenile acknowledged in writing that he or she has read, or has had read to him or her, those conditions and possible sanctions and that he or she understands them.

possible sanctions at the time of the dispositional order, we reverse the sanctions order.

## FACTS

¶ 4. The facts are undisputed. In an underlying delinquency proceeding, the juvenile court found Eugene incompetent to proceed. Based on that finding, the court suspended the delinquency proceedings and directed the State to file a JIPS petition pursuant to Wis. Stat. § 938.13(14).[3]

¶ 5. On February 28, 2001, the State filed the JIPS petition. Eugene did not contest the petition and on March 14, 2001, the juvenile court conducted a dispositional hearing, finding Eugene to be a juvenile in need of protection or services based on the previous determination that he was incompetent to proceed in the delinquency proceeding.[4] The court ordered that Eugene be placed at his guardian's home with supervision from the Racine County Human Services Depart-

---

[3] Pursuant to Wis. Stat. § 938.30(5)(d), if the juvenile court determines that a juvenile is incompetent to proceed in a delinquency proceeding, the court shall suspend the proceedings and direct that a commitment petition be filed pursuant to Wis. Stat. § 51.20(1) or that a JIPS petition be filed pursuant to Wis. Stat. § 938.13(14). Here, the court directed that a JIPS petition be filed.

[4] Pursuant to Wis. Stat. § 938.30(5)(a):

> If there is probable cause to believe that the juvenile has committed the alleged offense and if there is reason to doubt the juvenile's competency to proceed, or if the juvenile enters a plea of not responsible by reason of mental disease or defect, the court shall order an examination under s. 938.295 . . . .

Although not contained in the record, it is evident from the hearing transcripts that the trial court ordered and obtained an expert examination of Eugene under Wis. Stat. § 938.295.

ment. The court went on to inform Eugene of the conditions of supervision including counseling and school attendance following which the court stated, "And if Eugene does not follow these orders, then he can be placed in nonsecure detention and he can come back in for sanctions."

¶ 6. The prosecutor then requested that the juvenile court read the sanctions warnings prescribed by WIS. STAT. § 938.355(6)(a), adding, "We can deal with at a later time whether [Eugene] was competent to understand them or not." Eugene's counsel objected based on the court's prior finding of incompetence. Counsel stated, "It has always been my position and continues to, [that it is] not appropriate to read sanction warnings to an incompetent." The court acknowledged Eugene's position, but proceeded nonetheless to read the sanctions warnings as prescribed by the statute. This warning included all of the possible sanctions under § 938.355(6)(d) with the exception of secure detention.

¶ 7. On April 2, 2001, the State filed a motion for sanctions alleging that Eugene had violated the terms of the dispositional order. The juvenile court held a hearing on the motion on April 17, 2001. At the outset of the hearing, Eugene's counsel moved to dismiss the proceedings on the grounds that the court had previously found Eugene to be incompetent. Eugene's counsel argued, "We do not believe that you can sanction an incompetent because . . . the State cannot show that he understood the warnings that were given to him at the time of the dispositional hearing . . . ."

¶ 8. The juvenile court denied Eugene's motion. Although the court saw some merit in Eugene's argument, the court concluded that WIS. STAT. § 938.355(6) clearly required the court to read the conditions and

sanctions warnings to a juvenile subject to a JIPS dispositional order and further authorized the imposition of sanctions even in the face of a prior finding of incompetence to proceed. According to the court, the statutory procedure "authorize[d] certain sanctions even when there is a finding of [incompetence]." The court then proceeded to impose a sanction. In addition, and again over Eugene's objection, the court issued a second sanctions warning to Eugene, including the possibility of secure detention for a second violation of the conditions set out in the dispositional order.

¶ 9.   Eugene then admitted to the facts supporting the violation of the conditions and stipulated to the sanctions sought by the State. The court's order for sanctions was entered on April 17, 2001. Eugene appeals.

## DISCUSSION

### *Waiver*

¶ 10.   As a threshold issue, we address the State's contention that Eugene waived his right to object to the sanctions by admitting to the violation and stipulating to a sanction. We reject the State's argument. First, the State recognized the potential problem Eugene's incompetence posed from the very moment the matter of the warnings surfaced. When the prosecutor asked the juvenile court to read the sanctions warnings at the dispositional hearing, the prosecutor stated, "We can deal with at a later time whether [Eugene] was competent to understand them or not." So the State recognized the potential importance of the issue.

¶ 11.   Second, Eugene's counsel timely and repeatedly raised the issue of Eugene's competence and ability to understand the dispositional order and potential

sanctions. Moreover, counsel objected each time the juvenile court proposed to issue the warnings. In light of that history, we do not read Eugene's admission and stipulation as all encompassing as the State's appellate argument contends. The admission and stipulation came only after the juvenile court had twice rejected Eugene's argument on the issue—first at the JIPS dispositional hearing and second at the sanctions hearing. Furthermore, Eugene's admission and stipulation never indicated that he was abandoning the competence issue.

¶ 12.  Finally, the juvenile court itself recognized the possibility of an appeal on the issue and stated at the conclusion of the sanctions hearing that the issue had been preserved.

¶ 13.  To avoid waiver, a party must raise an issue with sufficient prominence such that the trial court understands that it is called upon to make a ruling. *See State v. Salter*, 118 Wis. 2d 67, 78–79, 346 N.W.2d 318 (Ct. App. 1984). Eugene clearly raised the issue and obtained a juvenile court ruling on the matter. As such, the issue was preserved for appeal. We therefore turn to the merits of Eugene's argument.

### The Requirements of Wis. Stat. § 938.355(6)(a)

¶ 14.  WISCONSIN STAT. § 938.355(6)(a) permits the juvenile court to impose sanctions upon a juvenile in need of protective services for failure to comply with the conditions of the dispositional order if the juvenile has previously been advised of the conditions and warned of the possible sanctions for violating the conditions. Eugene argues that when a question arises regarding the juvenile's ability to comprehend the conditions or the

sanctions, the juvenile court must assure that the juvenile has such comprehension. In the absence of such a showing, Eugene argues a juvenile's due process rights are violated and the statute is rendered unconstitutional as applied to those juveniles who lack such an understanding.

¶ 15.   Whether Wis. Stat. § 938.355(6)(a) requires a finding that a juvenile who has previously been found incompetent is capable of understanding the conditions of his or her disposition and the possible sanctions is a question of statutory interpretation which we review de novo. *Green County Dep't of Human Servs. v. H.N.*, 162 Wis. 2d 635, 645, 469 N.W.2d 845, 848 (1991). Our goal in statutory interpretation is to determine and give effect to the legislature's intent. *State v. Cardenas-Hernandez*, 219 Wis. 2d 516, 538, 579 N.W.2d 678 (1998). To determine the legislature's intent, we begin by looking at the plain language of the statute. *Id.* If the plain language is unambiguous, we apply the ordinary and accepted meaning of the language to the facts before us. *Id.*

¶ 16.   As set forth above, Wis. Stat. § 938.355(6)(a) provides that a court may impose sanctions on a juvenile who violates the conditions of a dispositional order:

> if, at the dispositional hearing . . . the court explained the conditions to the juvenile and informed the juvenile of those possible sanctions or if before the violation the juvenile has acknowledged in writing that he or she has read, or has had read to him or her, those conditions and possible sanctions and that he or she understands those conditions and possible sanctions.

¶ 17.   The State argues that Wis. Stat. § 938.355(6)(a) does not expressly require the juvenile

court to determine that the juvenile understands the dispositional order and potential sanctions. Rather, the State contends that the statute addresses two scenarios—first, the court informing the juvenile of the conditions and sanctions while in the courtroom *or*, second, the juvenile being informed of the conditions and sanctions later and then acknowledging his or her understanding of them in writing. The State argues that the acknowledgement requirement applies only when the juvenile is advised of the conditions and possible sanctions after the dispositional hearing.

¶ 18. While the State's literal reading of the statute is correct, we construe WIS. STAT. § 938.355(6)(a) to implicitly require that the juvenile understand or have the ability to understand the conditions of the dispositional order and warnings of sanctions. To read the statute otherwise would be unreasonable and absurd. *City of Milwaukee v. Kilgore*, 185 Wis. 2d 499, 516, 517 N.W.2d 689 (Ct. App. 1994) (when construing statutes we are to give them their commonsense meaning to avoid unreasonable and absurd results), *aff'd*, 193 Wis. 2d 168, 523 N.W.2d 690 (1995). It would make no sense to require the juvenile to understand the conditions and sanctions warnings in a nonjudicial setting, but to not require such understanding in the judicial setting. In requiring the court to inform the juvenile of the conditions of the dispositional order and of the possible sanctions, it logically follows that the legislature either intended or assumed that the juvenile would understand such communications. If not, there would be no point to such a requirement.

¶ 19. Therefore, the only reasonable interpretation of WIS. STAT. § 938.355(6)(a) is that the juvenile,

whether informed of the conditions and warnings during or after the hearing, must have the ability to comprehend them. To interpret the statute otherwise would raise the serious due process constitutional question posed by Eugene. *See State v. Schultz*, 218 Wis. 2d 798, 801, 582 N.W.2d 113 (Ct. App. 1998) ("We must not construe a statute to violate the constitution if another reasonable construction is available."). Therefore, we need not take our discussion to that constitutional level. *Labor & Farm Party v. Elections Bd.*, 117 Wis. 2d 351, 354, 344 N.W.2d 177 (1984) ("We need not reach these various constitutional issues because we conclude the case can be resolved on statutory construction grounds alone.").

¶ 20. We caution that our holding does not create a per se rule that a juvenile who has been declared incompetent to participate in the underlying proceedings is necessarily incompetent to understand the conditions and sanctions warnings issued in a JIPS case. There are different levels of incompetence and it may very well be that a juvenile who is not competent to participate in the underlying proceeding may nonetheless be capable of understanding the conditions of the dispositional order and the possible sanctions. All we hold is that once the juvenile's ability to understand the conditions and sanctions is put at issue, the court must ascertain whether the juvenile is indeed capable of understanding the conditions and potential sanctions.

### Burden of Proof

¶ 21. Even if we reject its interpretation of Wis. Stat. § 938.355(6)(a), the State offers an alternative argument as to why Eugene's appeal must fail. The

State argues that Eugene failed to provide evidence of his lack of understanding of the conditions in the dispositional order and his unawareness that his non-compliance with the conditions would result in sanctions.[5] This argument requires us to address the burden of proof in such a situation. The parties do not cite to any law, nor have we found any, which addresses the burden of proof when a question arises as to a juvenile's ability to understand the conditions and possible sanctions pursuant to § 938.355(6)(a). However, other areas of incompetence law allocate the burden of proving competency to the State.

■

¶ 22.  In the criminal law, "[n]o person who lacks substantial mental capacity to understand the proceedings or assist in his or her own defense may be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures." WIS. STAT. § 971.13(1). Fundamental fairness precludes the prosecution of a mentally incompetent individual because that person's constitutional and procedural rights are at issue. *State v. Garfoot*, 207 Wis. 2d 214, 221, 558 N.W.2d 626 (1997). If the question of the defendant's competency is contested, the court shall hold an evidentiary hearing. WIS. STAT. § 971.14(4)(b). If the defendant

---

[5] The State also argues that Eugene did not require it to demonstrate Eugene's understanding of the sanctions. The State's assertion is not borne out by the record. In fact, Eugene raised this issue at the sanctions hearing when the State asserted its right to seek sanctions regardless of Eugene's ability to understand the conditions and sanctions warnings. In response, Eugene's counsel stated, "We do not believe that you can sanction an incompetent because . . . the State cannot show that he understood the warnings that were given to him at the time of the dispositional hearing . . . ."

claims to be incompetent, the State bears the burden of proving by the greater weight of the credible evidence that the defendant is competent. *Id.* Likewise, if the defendant claims to be competent, the State must prove by clear and convincing evidence that the defendant is incompetent. *Id.*

¶ 23. A juvenile's incompetence to proceed in a juvenile proceeding is the equivalent of an adult defendant's incompetence to proceed in a criminal proceeding. When the criminal law has a counterpart in juvenile law, we sometimes look to the criminal law for assistance in interpreting the juvenile counterpart. *See State v. Jermaine T.J.*, 181 Wis. 2d 82, 90–91, 510 N.W.2d 735 (Ct. App. 1993), and *State v. Tawanna H.*, 223 Wis. 2d 572, 576–78, 590 N.W.2d 276 (Ct. App. 1998). Since the criminal code obligates the State to establish a defendant's competence to proceed when that issue is raised, we see no reason why the same burden should not be assigned to the State in a JIPS proceeding where the juvenile asserts an inability to understand the conditions and sanctions warnings required by WIS. STAT. § 938.355(6)(a). This is especially so in a case such as this where the juvenile has already been adjudged incompetent to proceed in an underlying proceeding.

¶ 24. Here, Eugene's counsel claimed that Eugene was unable to comprehend the conditions of the dispositional order and the potential sanctions. He argued that the State had not established that Eugene understood the warnings given by the court at the dispositional hearing. Once Eugene raised this competence question, the burden shifted to the State to prove that

Eugene was, in fact, capable of doing so. The State failed to meet this burden. Therefore, we must reverse the sanctions order.

## CONCLUSION

¶ 25.   We conclude that Wis. Stat. § 938.355(6)(a) requires that the juvenile have the ability to understand the conditions of the dispositional order and the potential sanctions whether he or she is informed of them at the dispositional hearing or at a later time. We further conclude that once the issue of the juvenile's ability to understand the conditions and sanctions is raised, the burden shifts to the State to establish that the juvenile is capable of understanding the court's warnings. Because the State failed to make such a showing, we reverse the sanctions order.

*By the Court.*—Order reversed.