**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**January 30, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1999-CR**

Cir. Ct. No. **2018CM466**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

MICHAEL S. COLEMAN,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Wood County: NICHOLAS J. BRAZEAU, JR., Judge. *Affirmed*.

¶1 KLOPPENBURG, J.[1] Michael S. Coleman challenges the circuit court's award of $2,881.71 in restitution for damage Coleman caused to a City of

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Wisconsin Rapids Police Department squad car. As I explain, I reject Coleman's arguments and, therefore, affirm.

## BACKGROUND

¶2 Coleman was convicted of resisting an officer and disorderly conduct as a result of Coleman's conduct on July 15, 2018. The circuit court held a hearing on restitution sought by the City of Wisconsin Rapids for damage Coleman caused to a police department squad car after he was arrested. At the hearing, City of Wisconsin Rapids Police Lieutenant Potocki testified that Coleman was "combative and striking his head on the cage [in the squad car] and kicking the squad door [which] caused the squad door to be pushed out and also the window." Potocki testified that the area where the window meets the door was pushed out and the inside of the door was cracked. Potocki testified that an estimate of the repair cost was provided on July 30, 2018, and that the squad car was repaired on January 4, 2019 at a cost of $2,881.71, as indicated on a bill for the repairs. The estimate and bill were admitted into evidence.

¶3 At the close of evidence, Coleman argued that the damage did not result from a crime considered in sentencing, and that the evidence was insufficient because there was no proof that the City or its insurer had paid the repair bill. The circuit court rejected Coleman's arguments and ordered "restitution for the damage to the squad car in the amount of $2,881.71."

¶4 Coleman appeals.

## DISCUSSION

¶5 WISCONSIN STAT. § 973.20(1r) authorizes a circuit court to "order the defendant to make full or partial restitution ... to any victim of a crime

2

considered at sentencing." Under § 973.20(2)(b), the restitution order may require that the defendant "pay the owner … the reasonable repair" of the property. Under § 973.20(14), the victim of a crime bears "[t]he burden of demonstrating by the preponderance of the evidence the amount of loss sustained by a victim as a result of a crime considered at sentencing."

¶6     On appeal, Coleman argues that the restitution award was excessive given that the police continued to use the squad car for six months from the time it was damaged to the time it was repaired, and that the damage resulted only "from a person banging his head on the car." However, as the State notes, Coleman failed to argue before the circuit court that the officer's testimony regarding the cost to repair the squad car was unreasonable, on any basis. By failing to adequately raise or develop this argument in the circuit court, Coleman has forfeited it, and I reject it on that basis. *See State v. Eugene W.*, 2002 WI App 54, ¶13, 251 Wis. 2d 259, 641 N.W.2d 467 (To preserve an issue for appeal, a party must raise it "with sufficient prominence such that the [circuit] court understands that it is called upon to make a ruling."); *Townsend v. Massey*, 2011 WI App 160, ¶25, 338 Wis. 2d 114, 808 N.W.2d 155 ("[T]he forfeiture rule focuses on whether particular arguments have been preserved, not on whether general issues were raised before the circuit court.")

¶7     For the first time in his reply brief, Coleman argues that the six-month period between the time the squad car was damaged to the time it was repaired "raises questions about the connection between the crime and the damages." Coleman's argument fails because he does not point to any evidence suggesting that the squad car incurred additional damage during that time other than the damage that Potocki testified to at the hearing. I also reject this argument because "[i]t is a well-established rule that we do not consider arguments raised

for the first time in a reply brief." ***Bilda v. County of Milwaukee***, 2006 WI App 57, ¶20 n.7, 292 Wis. 2d 212, 713 N.W.2d 661.[2]

## CONCLUSION

¶8 For the reasons stated, Coleman's challenge to the circuit court's restitution award based on unreasonableness and delay in repair fails. Accordingly, I affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[2] Coleman makes an additional argument in his appellant's brief that he abandons in his reply brief, based on a misunderstanding of the dates in evidence. I take Coleman to have conceded the issue and do not consider that argument further. *See Fischer v. Wisconsin Patients Comp. Fund*, 2002 WI App 192, ¶1 n.1, 256 Wis. 2d 848, 650 N.W.2d 75 ("An argument asserted by a respondent on appeal and not disputed by the appellant in the reply brief is taken as admitted.").