**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**April 16, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2412-CR**

Cir. Ct. No. **2004CT882**

STATE OF WISCONSIN

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

AMAN D. SINGH,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Dane County: NICHOLAS J. McNAMARA, Judge. *Affirmed*.

¶1 KLOPPENBURG, J.[1] In a previous appeal by Aman Singh of his conviction for operating while intoxicated (OWI) as a second offense, this court

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

(continued)

summarily reversed and remanded to the circuit court to provide the relief that Singh sought on appeal, specifically, relief due under WIS. STAT. § 973.13, which this court stated "provides only one remedy: voiding any penalty in excess of the statutory maximum." *State v. Singh*, No. 2017AP1609, unpublished slip op. ¶11 (WI App July 26, 2018).

¶2 On remand, the circuit court issued an order providing that, "pursuant to WIS. STAT. § 973.13, the Court commutes any sentence above the maximum penalty authorized by law." The court denied Singh's subsequent motion for reconsideration because the court had "granted [the] relief directed by [the] Court of Appeals."

¶3 Singh, pro se, now appeals the circuit's court denial of his motion for reconsideration. Singh argues that the circuit court erred by misreading this court's mandate and that he is entitled to vacation of the judgment of conviction and to a refund of the fine, or, alternatively, to withdrawal of his plea, based on

---

The appellant, Singh, fails to include in his brief a table of authorities, contrary to WIS. STAT. RULE 809.19(1)(a). Singh also fails to include in his appendix "portions of the record essential to an understanding of the issues raised," namely transcript portions from the hearing upon which he bases his appeal, contrary to WIS. STAT. RULE 809.19(2)(a). Singh also fails to paginate his brief. This is inappropriate even for a pro se litigant. *See Waushara Cty. v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992) ("*Pro se* appellants must satisfy all procedural requirements, unless those requirements are waived by the court.").

The respondent, the State, does not include as part of its paginated brief the statement of the case and statement of facts, contrary to WIS. STAT. RULE 809.19(8)(c)1. The State's certification does not include the number of pages; the page count should be provided, and should include the pages containing the sections headed "supplemental statement." The respondent's "supplemental statement" is part of the brief and should be included in the page count.

The parties are reminded that this is a high-volume court. *State v. Bons*, 2007 WI App 124, ¶21, 301 Wis. 2d 227, 731 N.W.2d 367. Compliance with the Rules of Appellate Procedure is not optional and is essential to the timely performance of our duties. *See Keplin v. Hardware Mut. Cas. Co.*, 24 Wis. 2d 319, 324, 129 N.W.2d 321 (1964).

either a correct reading of this court's appellate mandate or a recently issued Wisconsin Supreme Court decision.

¶4 As I explain, I conclude that the circuit court correctly interpreted this court's mandate and that Singh forfeited the argument he asserts is based on the recent Wisconsin Supreme Court decision.

## BACKGROUND

¶5 The following procedural facts are not disputed.

¶6 In a prior case, in January 2004, Singh was convicted following a trial to the circuit court of OWI as a first offense, arising out of a one-vehicle accident on July 20, 2003. In May 2004, the circuit court entered an order reopening and dismissing the case.

¶7 Singh was charged with and, in November 2004, pleaded no contest to and was convicted of OWI as a second offense, based on the 2003 incident and a 2001 Illinois OWI-related conviction. In May 2005, the circuit court sentenced Singh to ten days in jail, revoked his license for fifteen months, and imposed a fine which, together with various fees and surcharges, amounted to $1,434.00.

¶8 In 2015, Singh filed in the circuit court a petition for writ of coram nobis, arguing that his conviction violated double jeopardy and that the Illinois conviction was an administrative suspension that was unlawfully used to enhance his conviction. The circuit court denied the petition, and this court affirmed. *See State v. Singh*, No. 2015AP850-CR, unpublished slip op. (WI App Jan. 7, 2016).

3

¶9  In 2017, Singh returned to the circuit court and filed a "Motion to Vacate Judgment," pursuant to WIS. STAT. § 973.13.[2]  Pertinent to this appeal, Singh argued in support of his motion before the circuit court that his conviction in this "second prosecution" violated WIS. STAT. § 345.52(1).

¶10  In a comprehensive written decision, the circuit court (the Honorable Stephen Ehlke, presiding) denied Singh's motion, explaining that WIS. STAT. § 973.13 "does not apply" here, where Singh's sentence "was within the statutorily authorized maximum penalty."  Singh appealed.

¶11  The details of this court's opinion from the appeal that followed and the circuit court proceedings on remand will be set forth in the discussion section that follows.  It suffices here to state that this court in appeal number 2017AP1609 summarily reversed the circuit court's decision and "remanded for further proceedings consistent with this opinion."  *State v. Singh*, No. 2017AP1609, unpublished slip op. ¶12 (WI App July 26, 2018).

¶12  On remand, the circuit court (the Honorable Nicholas J. McNamara, presiding) held a hearing and heard arguments from the parties as to this court's mandate from appeal number 2017AP1609.  The circuit court concluded that this court's mandate was to grant the relief that Singh sought in his original motion filed pursuant to WIS. STAT. § 973.13, namely to void "any penalty in excess of the statutory maximum."  On October 19, 2018, the circuit court issued a written

---

[2] WISCONSIN STAT. § 973.13 provides that, "In any case where the court imposes a maximum penalty in excess of that authorized by law, such excess shall be void and the sentence shall be valid only to the extent of the maximum term authorized by statute and shall stand commuted without further proceedings."

order providing that, "pursuant to WIS. STAT. § 973.13, the Court commutes any sentence above the maximum penalty authorized by law."

¶13    Three days after the hearing, on September 24, 2018, Singh filed with the circuit court a document that appeared to seek reconsideration of the court's oral order, entitled "Motions," asking the circuit court "to return the fine," "to vacate the written judgment of conviction," "to vacate the plea and dismiss the case," and "for [WIS. STAT.] § 973.13 relief."[3]  On November 5, Singh filed with the circuit court a document requesting a hearing on his September 24 motions. On November 6, the court issued a written order denying Singh's September 24 motions because the "Circuit Court granted [the] relief directed by [the] Court of Appeals."

¶14    Singh now appeals the circuit court's November 6 order denying the "motions" Singh made in his September 24 filing with the court.

## DISCUSSION

*I. The Circuit Court Did Not Err in Applying the Appellate Court Mandate.*

¶15     It is apparent from the above procedural history that Singh's September 24 pleading entitled "Motions" was a motion for reconsideration of the circuit court's order on remand, and that Singh appeals the circuit court's denial of

---

[3] Regarding Singh's "motion to vacate the plea," he did not argue in the circuit court, and does not now argue, that this court erred in stating that he had not made such a motion in the case as it went up on the first appeal.  Nor does he explain, with any citation to supporting legal authority, how it was proper and timely for him to include such a motion for the first time in his challenge to the circuit court's order issued on remand.  Accordingly, I do not consider further his otherwise brief and conclusory inclusion of a motion for plea withdrawal as part of his post-remand order "motions."

his motion for reconsideration. "To prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶44, 275 Wis. 2d 397, 685 N.W.2d 853. We review a circuit court's decision on a motion for reconsideration under the erroneous exercise of discretion standard of review. *See id.*, ¶6. A manifest error of law is "the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" *Id.*, ¶44 (quoted source omitted).

¶16 Singh bases this appeal solely on what he asserts was the circuit court's error in denying his motion for reconsideration, namely that the circuit court misread this court's remand order from appeal number 2017AP1609.

¶17 I now set forth the details of appeal number 2017AP1609, this court's order in that appeal, and the circuit court proceedings following that order. This court explained that Singh was appealing the circuit court order denying his motion to vacate a judgment of conviction, on the grounds that the sentence imposed by the court was excessive per WIS. STAT. § 973.13. *State v. Singh*, No. 2017AP1609, unpublished slip op. ¶1 (WI App July 26, 2018). This court then summarized what Singh had argued below, and noted that the State did not file a responsive brief to Singh's appeal after being "given repeated notice of the requirement to [do so]," and that the State made "no request for extension of time … nor a letter explaining its inaction." *Id.*, ¶9. Accordingly, this court summarily reversed "the order of the circuit court denying Singh's motion to vacate the judgment of conviction." *Id.*, ¶11. This court then went on as follows:

> In doing so, however, I note that the statute invoked by Singh on appeal, WIS. STAT. § 973.13, provides only one remedy: voiding any penalty in excess of the statutory maximum. The statute does not provide for vacation of the

> conviction or relief from the valid portion of the sentence. Since the penalties were fully served many years ago, and Singh has not moved for withdrawal of his no contest plea, this limited remedy may render the matter moot.

¶18    The circuit court subsequently interpreted the remand order to require that the circuit court order that any penalty in excess of the statutory maximum be voided, and the circuit court so ordered.  After the hearing, Singh moved for reconsideration arguing that this court's remand order required that the circuit court vacate the judgment of conviction.  The circuit court denied Singh's motion because:

> The law does not permit the court to grant the requested relief…. Defendant is not entitled to [the] relief requested … [and the] Circuit Court granted [the] relief directed by [the] Court of Appeals.

¶19    On this appeal, Singh argues that this court's remand order in appeal number 2017AP1609 required the circuit court to vacate the judgment of conviction and void the entire sentence.  However, as I explain, the plain language of this court's remand order and the law refute his argument.

¶20    First, the remand order by its plain language limits the relief to that which Singh sought on appeal.  As the court of appeals expressly stated, Singh sought relief under WIS. STAT. § 973.13, which "provides only one remedy: voiding any penalty in excess of the statutory maximum."  As explained above, the circuit court ordered just that.

¶21    Singh disregards that language.  Instead, Singh argues that under this court's "summary reversal," all his arguments from 2017AP1609 were accepted as legally accurate and became the law of the case, citing *State ex rel. Blackdeer v. Township of Levis*, 176 Wis. 2d 252, 261, 500 N.W.2d 339 (Ct. App. 1993) (holding that "a decision on a legal issue by an appellate court establishes the law

7

of the case, which must be followed in all subsequent proceedings in the [circuit] court or on later appeal")  Singh does not indicate anything in the record establishing that the "legal issue" decided in appeal number 2017AP1609 is anything but that what this court expressly stated and the circuit court implemented on remand:  that Singh was due relief under WIS. STAT. § 973.13. Singh disregards that express language and, instead, points to his *arguments* made to the *circuit court* that formed the basis of appeal number 2017AP1609, but he does not point to arguments he made to the court of appeals or to the language in the court of appeals' opinion and order.  The effect of the summary reversal here was not to render every argument that Singh made to the *circuit* court the "law of the case."

¶22    Second, contrary to Singh's argument that this court ordered additional relief in the form of vacating his conviction and voiding "the entire sentence," it is clear from this court's reference to mootness as to the sentence served, and to Singh's failure to move for plea withdrawal, that the scope of the relief ordered on remand left his conviction intact.

¶23    In sum, the circuit court here did precisely as this court ordered:  it ordered that any penalty in excess of the statutory maximum be voided.  For the reasons stated above, Singh fails to establish a manifest error of law as to the circuit court's order on remand.

¶24    Singh also asserts on this appeal that, at the least, this court must remand "for entry of an amended judgment of conviction to reflect what the valid portion of the sentence is," citing cases in which appellate courts have done so. He then argues that, because this court in the previous appeal "held that the entire sentence was void as excessive," there should be "no sentence at all."  However,

8

as just explained above, this court in the previous appeal did not vacate the judgment of conviction. This court also did not hold the entire sentence as originally imposed void as excessive, and Singh does not point to any part of the sentence that exceeded the statutory maximum for the offense stated in that judgment of conviction. Accordingly, Singh fails to show that any remand is necessary.

## II. Singh's *Dalton* Argument Fails.

¶25 Singh's argument based on *State v. Dalton*, 2018 WI 85, 383 Wis. 2d 147, 914 N.W.2d 120, also fails.

¶26 The Wisconsin Supreme Court in *Dalton* applied *North Dakota v. Birchfield*, 136 S. Ct. 2160 (2016), which, it explained, "dictates that criminal penalties may not be imposed for the refusal to submit to a blood test." *Dalton*, 383 Wis. 2d 147, ¶59. *Dalton* involved a challenge to a *circuit court's* lengthening of a criminal sentence because the defendant refused to submit to a blood draw. *Id.* at ¶21. The Wisconsin Supreme Court held that the circuit court's action in *Dalton* was impermissible under *Birchfield* because "[a] lengthier jail sentence is certainly a criminal penalty." *Id.*, ¶¶59-60.

¶27 Here, in contrast, Singh challenges the *legislature's* including an administrative suspension for a refusal to submit to a blood test as a "conviction" to be used in determining the range of penalties for successive OWI convictions. Singh's argument appears to arise not from *Dalton*, but from the 2016 United States Supreme Court decision in *Birchfield*, which was issued *before* Singh's motion to vacate judgment was filed in the circuit court in 2017. *See Birchfield*, 136 S. Ct. 2160, 2185 (holding that criminal penalties may not be imposed for the refusal to submit to a blood test). However, Singh did not clearly raise such a

9

constitutional challenge to the statutory scheme in the circuit court.[4] Courts generally do not consider issues raised for the first time on appeal. *State v. Huebner*, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727. *See also Townsend v. Massey*, 2011 WI App 160, ¶26, 338 Wis. 2d 114, 808 N.W.2d 155 (declining to consider new arguments or theories because doing so would "seriously undermine the incentives the parties now have to apprise circuit courts of specific arguments in a timely fashion so that judicial resources are used efficiently and the process is fair to the opposing party"). I conclude that Singh has forfeited his right to raise this argument on appeal, and Singh fails to provide any reason that I should entertain the argument despite his failure to preserve it in the circuit court.

## CONCLUSION

¶28 For the reasons stated, Singh fails to show that the circuit court erred in providing the relief that this court had ordered in remanding this case in Singh's prior appeal. Accordingly, I affirm.

---

[4] Singh first referenced *Dalton* in his motion for reconsideration, but at that point his entire argument was, "Here, the alleged prior offense was in fact an Illinois driver license suspension arising from Singh's refusal to submit to an Implied Consent blood test.… Under *Dalton*, this cannot be used to enhance Singh's OWI conviction." Even if deemed timely raised, this conclusory assertion unaccompanied by a specific reference to supporting language in *Dalton* or any other legal authority was neither sufficiently raised nor developed in the circuit court to preserve it for our appellate review. *See State v. Eugene W.*, 2002 WI App 54, ¶13, 251 Wis. 2d 259, 641 N.W.2d 467 (to preserve an issue for appeal, a party must raise it "with sufficient prominence such that the [circuit] court understands that it is called upon to make a ruling").

In addition, Singh failed to serve the Attorney General with his constitutional challenge to the statutory scheme as required by WIS. STAT. § 806.04(11); *see also Kurtz v. City of Waukesha*, 91 Wis. 2d 103, 117, 280 N.W.2d 757 (1979) (If the constitutionality of a statute is challenged, the attorney general must be served, as "the [circuit] court could not properly consider the constitutional issue [and w]e therefore cannot review that issue.")

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.