COURT OF APPEALS
DECISION
DATED AND FILED

February 16, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP2132-CR**

Cir. Ct. No. **2019CF151**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

SANTIAGO B. RIOS,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Racine County: FAYE M. FLANCHER, Judge. *Affirmed*.

¶1 GROGAN, J.[1] Santiago B. Rios appeals from a judgment entered on his no contest pleas to misdemeanors for criminal trespass to dwelling, criminal

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f)(2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

damage to property, and disorderly conduct, all as a repeater. He also appeals from an order denying his postconviction motion seeking resentencing or sentence modification. Rios raises two issues on appeal. First, Rios argues that the circuit court erroneously exercised its discretion because it failed to consider his drug addiction in imposing sentence and was otherwise deficient in applying the relevant factors as set forth in *McCleary v. State*, 49 Wis. 2d 263, 182 N.W.2d 512 (1971). Second, Rios argues that the unforeseen disruption to drug treatment programming in the prison system caused by the COVID-19 pandemic constitutes a new factor warranting sentence modification.

¶2 This court previously ordered the State to file a responsive brief after the State repeatedly failed to do so despite multiple notifications from the court reminding it of its obligation to submit a response. *See State v. Rios*, 2020AP2132-CR, unpublished slip op. (WI App Sept. 29, 2021). That order stated:

> IT IS HEREBY ORDERED that the State of Wisconsin shall file a respondent's brief on this appeal that fully complies with WIS. STAT. RULE 809.19, and, in conformity with RULE 809.19(3)(a)1a, the brief shall be filed within thirty days of the issuance of this order. Rios will then have fifteen days to file a reply brief or a letter that he will not file a brief. *See* RULE 809.19(4).

> IT IS ALSO HEREBY ORDERED that if the State of Wisconsin does not file the brief required by the previous paragraph, such failure will be taken as an egregious act amounting to its abandonment of its right to contest Rios'[s] appeal, and, accordingly, this court will summarily reverse the circuit court's postconviction order and remand the matter to the circuit court with directions to conduct a resentencing. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) ("Respondents on appeal cannot complain if propositions of appellants are taken as confessed which they do not undertake to refute." (citation omitted)).

2

*Rios*, No. 2020AP2132-CR, ¶4. The State filed a response brief in accordance with that order, and Rios subsequently filed a reply brief. This court affirms.

## I. BACKGROUND

¶3 In February 2019, a FedEx driver reported having seen a white truck with a tinted front license plate parked near a trailer container near the Dick's Sporting Goods located in the Village of Mount Pleasant in Racine County. The driver further reported having seen two males with beards, that one of the men was standing near the white truck, and that the second man jumped out of the trailer container. A police officer spoke with the store's manager, who confirmed the store had been leasing the trailer for storage purposes and that the trailer's lock had been cut off. According to the manager, no one had been given consent to enter or remove anything from the container. Although the manager was initially unaware of whether any items were missing, it was later confirmed that no items had been taken from the Dick's Sporting Goods container.

¶4 After speaking with the FedEx driver and store manager, an officer sent out an "attempt to locate" notification based on the description of the white truck and two suspects. An officer who received the "attempt to locate" notice subsequently observed two males walking away from a white truck matching the vehicle description and into a nearby residence. Additional officers arrived on the scene, one of whom looked through the truck's windows and noticed what appeared to be a bolt cutter sticking out from under the passenger seat. A male later identified as Rios answered the door when officers approached the residence, and Rios was detained at that time.

¶5 Officers learned the truck belonged to A.H., Rios's brother's girlfriend. A.H. gave consent to search the vehicle and officers collected the bolt

3

cutter as evidence. After obtaining a search warrant for Rios's phone, a detective reviewed the phone's location history, which "show[ed] Rios's phone was located behind Dick's Sporting Goods in the immediate vicinity of the trailer at the time of the burglary[.]"

¶6 The State thereafter charged Rios with one count of felony burglary of a locked, enclosed cargo portion of a truck or trailer as party to a crime and as a repeater, contrary to WIS. STAT. §§ 943.10(1m)(d), 939.50(3)(f), 939.05, and 939.62(1)(b). After confirming no items had been taken from the Dick's Sporting Goods trailer container, the State amended the charges to one count of criminal trespass as a repeater (WIS. STAT. §§ 943.14(2), 939.51(3)(a), and 939.62(1)(a)), one count of criminal damage to property as a repeater (WIS. STAT. §§ 943.01(1), 939.51(3)(a), and 939.62(1)(a)), and one count of disorderly conduct as a repeater (WIS. STAT. §§ 947.01(1), 939.51(3)(b), and 939.62(1)(a)).

¶7 Rios entered no contest pleas to all counts on December 16, 2019, and both the State and Rios argued for time served, which amounted to approximately ten months.[2] After confirming Rios's misdemeanor convictions "over the past few years[,]" the court accepted Rios's no contest pleas, heard argument from counsel for both parties, and briefly addressed Rios's assertion that he would benefit from drug treatment. The following exchange between Rios and the circuit court, along with the court's sentencing decision, ensued:

> THE COURT: Tell me how a 40 year old man with 14 years of education continues to commit crimes? Tell me, because it's been pretty nonstop for you, Mr. Rios.

---

[2] Rios had been in custody since February 7, 2019, based on revocations in Racine County Case Nos. 2017CM1436, 2017CM1437, 2018CM1610, and 2018CM166.

[RIOS]: I have no answer for that, your Honor. It's just bad decisions.

THE COURT: I just don't get it.

[RIOS]: Well, your Honor, I sit here to tell you the God honest truth is -- I mean I probably could benefit from some type of treatment probably.

THE COURT: What kind of treatment do you think that you need, Mr. Rios?

[RIOS]: Drug treatment.

THE COURT: Uh-huh.

[RIOS]: I had been hurt on the job at work, and ever since I've been at the hospital I've been on painkillers and that's been a problem for me.

THE COURT: So, Mr. Rios, again you are 40 years old. You have 14 years of education. You had amazing employment as a journeyman carpenter where you were earning $37.47 an hour working full-time. And I look at your underlying record which goes back to 1997, and it is significant for a number of felony and misdemeanor convictions.

It's stunning, you know, you are telling me today that with this record going back this far that you now need drug treatment and that it's never been requested or addressed in the past. I'm just not sure how believable that is, Mr. Rios.

There are a number of factors I am required to consider at sentencing. Punishment, rehabilitation, protection of the community and deterrence of others. All of those factors are implicated in sentencing you today.

You and one other enter the shipping area of Dick's Sporting Goods. A FedEx driver sees what is going on here. A lock from one of their trailers was cut off. Ultimately nothing was stolen, but you are in an area where you had absolutely no business being.

I cannot follow a credit for time served recommendation, Mr. Rios. It de minimizes the continued involvement in the criminal justice system. It de minimizes the fact that you just can't keep yourself out of the criminal justice system.

5

Your record, I don't know where these aliases were all used. You have a number of aliases listed in the criminal information.

I am sentencing you on each count[3] to two years in prison; one year of initial incarceration, one year extended supervision. I will run each of those counts concurrent to one another, but it will be consecutive to revocation.

Terms and conditions of extended supervision, Mr. Rios, absolute sobriety; no alcohol and no controlled substances to be monitored by random UA's and breathalyzers. AODA treatment, which you indicate that you need, and any other treatment, counseling or programming recommended for you by the Department of Corrections.

You will obtain and maintain full-time employment. There is no restitution owing in this case. I am going to order while on extended supervision fifty hours of community service work, and order that you be in full compliance with any family court orders, including payment of child support.

Finally I am ordering that you pay the court costs, costs of supervision, mandatory DNA surcharges associated with this case. You would be entitled to credit for time served. Again it is a consecutive sentence. You would not be entitled to duplicate credit, Mr. Rios. As a -- these aren't felonies. Anything I may have neglected …?

….

[DEFENSE COUNSEL]: Is he eligible for any treatment while in the institution?

THE COURT: He's not eligible for Challenge Incarceration Program given his age. He may be eligible for substance abuse programming. I will find him eligible after 80 percent of the initial incarceration is completed.

---

[3] Rios incorrectly states that the circuit court sentenced him to "two years of imprisonment on both counts one and two" but "did not impose a sentence with respect to count three or otherwise mention it during sentencing." The circuit court's statement that it was imposing the two-year bifurcated sentence "on *each* count" unquestionably encompasses count three. (Emphasis added.)

The circuit court then confirmed with both parties that all issues had been addressed prior to concluding the hearing.

¶8      Rios thereafter filed a motion for postconviction relief, arguing he was entitled to resentencing or sentence modification because the circuit court failed to consider and apply the *McCleary* factors, because the circuit court failed to consider his need for drug treatment, or because COVID-19 presented a new factor because it prevented him from obtaining the drug treatment that was ultimately ordered at sentencing.[4]  In support of his argument, Rios asserted he had attended drug rehabilitation treatment "[i]n the early 2000s," that he was prescribed Percocet, which he described as "a combination medication comprised of the opioid oxycodone and acetaminophen[,]" after being shot twice in 2008, that "[h]e was again prescribed oxycodone-containing medication" in 2011 after suffering a job-related hernia, and that he "has struggled with opioid dependency ever since."

¶9      In a written order, the postconviction court denied Rios's motion without a hearing, stating "[w]hile the Court did not recite on the record all of [Rios's] convictions going back to 1997, they were all certainly considered[]" and that "[t]he sentencing transcript indicates this Court did consider the nature of the offense, the character of the defendant and the need to protect the public."  The postconviction court went on to state that it was unclear "what, if any, grievances the defendant has regarding the sentence[,]" particularly in light of the fact that

_____

[4] In May 2020, prior to obtaining appellate counsel, Rios filed a handwritten, pro se motion seeking sentence modification.  Appellate counsel thereafter filed a motion seeking postconviction relief in November 2020.  All references to Rios's postconviction motion are to the November 2020 filing.

7

Rios, at sentencing, had accepted the consequences of his actions, as well as that it had not "readily dismiss[ed]" Rios's comments regarding a drug addiction during sentencing. As to Rios's argument that the COVID-19 pandemic presented a new factor that frustrated his ability to receive the ordered drug treatment, the postconviction court rejected that argument because COVID-19 was neither "a fact or circumstance that was highly relevant to the imposition of the sentence[]" nor "connected to the sentencing decision." This appeal follows.

## II.    DISCUSSION

¶10    On appeal, Rios argues that the circuit court erroneously exercised its discretion at sentencing by failing to consider his drug addiction and by otherwise improperly applying the *McCleary* factors, as well as that the disruption to drug treatment programming itself is a new factor warranting resentencing or sentence modification. For the reasons that follow, this court affirms.

### A.   *The circuit court did not erroneously exercise its sentencing discretion.*

¶11    "It is a well-settled principle of law that a circuit court exercises discretion at sentencing[,]" and appellate review "is limited to determining if discretion was erroneously exercised." *State v. Gallion*, 2004 WI 42, ¶17, 270 Wis. 2d 535, 678 N.W.2d 197. "Discretion is not synonymous with decision-making. Rather, the term contemplates a process of reasoning" that "must depend on facts that are of record or that are reasonably derived by inference from the record and a conclusion based on a logical rationale founded upon proper legal standards." *McCleary*, 49 Wis. 2d at 277. A circuit court erroneously exercises its discretion if it fails to apply the proper legal standard. *State v. Jackson*, 2014 WI 4, ¶43, 352 Wis. 2d 249, 841 N.W.2d 791. If a circuit court properly exercises discretion, "'the appellate court follows a consistent and strong policy against

interference with the discretion of the trial court in passing sentence.'" ***Gallion***, 270 Wis. 2d 535, ¶18 (citation and brackets omitted).

¶12 A court must consider three primary factors at sentencing: (1) protection of the public; (2) the gravity of the offense; and (3) the defendant's character. ***State v. Williams***, 2018 WI 59, ¶46, 381 Wis. 2d 661, 912 N.W.2d 373; *see also* ***Gallion***, 270 Wis. 2d 535, ¶40; WIS. STAT. § 973.017(2).[5] The court may also consider the following secondary factors: (1) past record of criminal offenses; (2) history of an undesirable pattern of behavior; (3) the defendant's personality, character, and social traits; (4) results of a presentence investigation; (5) whether the crime was of a vicious or aggravated nature; (6) degree of defendant's culpability; (7) the defendant's demeanor at trial; (8) the defendant's age, educational background, and employment history; (9) whether the defendant shows remorse, repentance, or cooperativeness; (10) need for rehabilitative control; (11) rights of the public; and (12) length of pretrial detention. ***Harris v. State***, 75 Wis. 2d 513, 519-20, 250 N.W.2d 7 (1977). The weight given to each

---

[5] WISCONSIN STAT. § 973.017(2) provides:

> (2) GENERAL REQUIREMENT. When a court makes a sentencing decision concerning a person convicted of a criminal offense committed on or after February 1, 2003, the court shall consider all of the following:
>
> (ad) The protection of the public.
>
> (ag) The gravity of the offense.
>
> (ak) The rehabilitative needs of the defendant.
>
> (b) Any applicable mitigating factors and any applicable aggravating factors, including the aggravating factors specified in subs. (3) to (8).

factor is within the circuit court's discretion.  ***State v. Wickstrom***, 118 Wis. 2d 339, 355, 348 N.W.2d 183 (Ct. App. 1984).

¶13     A proper exercise of discretion requires that "[t]he application of sentencing standards … be set forth on the record[.]"  ***State v. Bolstad***, 2021 WI App 81, ¶13, 399 Wis. 2d 815, 967 N.W.2d 164 (citing ***Gallion***, 270 Wis. 2d 535, ¶¶8, 51); *see also **McCleary***, 49 Wis. 2d at 281 ("requisite to a prima facie valid sentence is a statement by the trial judge detailing his reasons for selecting the particular sentence imposed."); WIS. STAT. § 973.017(10m)(a) ("The court shall state the reasons for its sentencing decision and … shall do so in open court and on the record.").  "[T]he requirement of an on-the-record explanation will serve to fulfill the ***McCleary*** mandate that discretion of a sentencing judge be exercised on a 'rational and explainable basis.'  This will assist appellate courts in determining whether the circuit court properly exercised its discretion."  ***Gallion***, 270 Wis. 2d 535, ¶49 (quoting ***McCleary***, 49 Wis. 2d at 276).  A court can comply with this requirement without explicitly identifying the sentencing factors so long as it is clear that the court *considered* the sentencing factors.  ***State v. Wegner***, 2000 WI App 231, ¶7, 239 Wis. 2d 96, 619 N.W.2d 289.

¶14     While a circuit court is required to explain the reasons for its sentencing decision, "[h]ow much explanation is necessary … will vary from case to case."  ***Gallion***, 270 Wis. 2d 535, ¶39.  "Requiring explanation of the sentence imposed 'is not intended to be a semantic trap for circuit courts.  It is also not intended to be a call for … 'magic words.'"  ***Bolstad***, 399 Wis. 2d 815, ¶16 (omission in original; citation omitted).  On review, this court must "closely scrutinize the record to ensure that 'discretion was in fact exercised and the basis of that exercise of discretion [is] set forth.'"  ***Gallion***, 270 Wis. 2d 535, ¶4 (quoting ***McCleary***, 49 Wis. 2d at 277; alteration in original).

¶15 A circuit court also "erroneously exercises its discretion in imposing a sentence if it 'actually relies on clearly irrelevant or improper factors.'" *Williams*, 381 Wis. 2d 661, ¶45 (quoting *State v. Alexander*, 2015 WI 6, ¶17, 360 Wis. 2d 292, 858 N.W.2d 662); *State v. Harris*, 2010 WI 79, ¶3, 326 Wis. 2d 685, 786 N.W.2d 409. Certain factors—such as "race or national origin, gender, alleged extra-jurisdictional offenses, and the defendant's or victim's religion"—are inherently improper considerations at sentencing. *Alexander*, 360 Wis. 2d 292, ¶23 (footnotes omitted). "To establish error, a defendant must prove by clear and convincing evidence that a circuit court relied on improper factors." *Williams*, 381 Wis. 2d 661, ¶45.

¶16 It is not enough, however, to establish consideration of an improper factor; rather, "[a] defendant must prove both that the factor was improper and that the circuit court actually relied on it." *Id.*; *see also Alexander*, 360 Wis. 2d 292, ¶18 (describing the same two-step framework in the context of an allegation the sentencing court relied on inaccurate information). To determine whether a circuit court actually relied on an improper factor, "[w]e review the circuit court's articulation of its basis for sentencing in the context of the entire sentencing transcript to determine whether the court gave 'explicit attention' to an improper factor, and whether the improper factor 'formed part of the basis for the sentence.'" *Alexander*, 360 Wis. 2d 292, ¶25 (citations omitted).

### 1. The *McCleary* Factors and Rios's Purported Drug Addiction

¶17 Rios asserts that the circuit court erroneously exercised its sentencing discretion because it was deficient in assessing and applying the required *McCleary* factors and because it "declined to consider Mr. Rios's drug addiction in determining the severity of his sentence." Rios largely focuses on the

latter of these two arguments. According to Rios, the circuit court failed to use a logical process of judicial reasoning because it "expressly refused to consider Mr. Rios's drug addiction in determining the severity of the sentence" despite also imposing conditions "implicitly recogniz[ing] the truthfulness of Mr. Rios's assertion" that he has a drug addiction and would benefit from treatment when it required drug treatment and made him eligible for substance abuse programming. This court rejects Rios's assertion.

¶18    As noted above, the circuit court was required to consider three primary factors, often referred to as the *McCleary* factors, at sentencing—protection of the public, gravity of the offense, and the defendant's character—and it was required to explain its sentencing decision in light of those factors on the record. *See Williams*, 381 Wis. 2d 661, ¶46; *Gallion*, 270 Wis. 2d 535, ¶¶40-43. Here, the circuit court specifically identified "a number of factors" it was required to consider, namely "[p]unishment, rehabilitation, protection of the community and deterrence of others." Having reviewed the sentencing transcript, this court is satisfied that the circuit court, despite its brevity, sufficiently considered and addressed these primary sentencing factors in light of the sentence imposed.

¶19    First, the circuit court specifically—and repeatedly—noted Rios's lengthy criminal record and his inability to refrain from engaging in criminal activity (both felonies and misdemeanors) over the course of multiple decades. These statements pertain to both consideration of Rios's recidivistic character—although the circuit court also noted multiple positive characteristics—as well as the need to protect the public from an individual who continues to commit crimes. Second, the circuit court explained that following the recommended time-served sentence would "de minimize" Rios's continued criminal activity. The circuit court therefore tied its sentencing decision to Rios's ongoing criminal activity, as

imposing a more significant term of imprisonment than what had been recommended served multiple purposes: (1) protecting the public; (2) punishing Rios for his continued poor choices; and (3) deterring others who may similarly contemplate engaging in repeated criminal activity.

¶20 Although the circuit court did not explicitly reference the gravity of the offense, it nevertheless satisfied *McCleary*'s requirement because the record establishes that it *considered* the gravity of the offense. *See Wegner*, 239 Wis. 2d 96, ¶7 ("Proper sentencing discretion can exist without a delineation of sentencing factors; what is required is a *consideration* of the sentencing factors."). Here, the circuit court clearly considered the gravity of the offense when it acknowledged both that nothing was ultimately stolen from Dick's Sporting Goods but that regardless of that fact, Rios was "in an area where [he] had absolutely no business being."

¶21 Although its sentencing remarks were brief, the circuit court did more than just address the protection of the public, punish Rios, and address deterrence to others—the court also fashioned a sentence that accounted for Rios's rehabilitative needs. Specifically, it ordered drug treatment and found Rios eligible for the Substance Abuse Program despite its skepticism that Rios's drug addiction had not been addressed in the past. This, too, takes Rios's personal characteristics and rehabilitative needs into account.

¶22 Rios, however, complains that the circuit court did not apply the primary factors or specifically explain "why the *Mc[Cl]eary* factors justified the severity of the chosen sentence." However, in explaining why it was not accepting the recommended time-served sentence—because it would "de minimize" Rios's continued criminal activity—the circuit court was *also*

explaining why it was imposing a longer sentence and why it was to run consecutive to Rios's unrelated revocation sentence. As previously noted, "[h]ow much explanation is necessary … will vary from case to case[,]" *Gallion*, 270 Wis. 2d 535, ¶39, and so long as a circuit court considers all of the required factors, as it did here, "[t]he weight to be given each factor is within the discretion of the trial court" and "[t]he sentence may be based on any or all of the three primary factors after all relevant factors have been considered[,]" *see Wickstrom*, 118 Wis. 2d at 355. The circuit court unquestionably gave the most weight to protecting the public and to Rios's character—namely, his inability to refrain from engaging in criminal activity.

¶23    At its core, Rios takes umbrage with the length of the incarceration imposed—particularly in light of the fact that despite running the sentences on each of the three charges concurrent to one another, the circuit court imposed the sentences consecutive to the revocation sentence Rios was then serving—and apparently believes that having a drug addiction should entitle him to a lesser term of incarceration than he received. However, the weight to be given to his drug addiction as it relates to sentencing was within the circuit court's discretion, and as explained above, the circuit court *did* consider his drug addiction. That the circuit court did not give his drug addiction the mitigating weight Rios desired does not render its exercise of discretion erroneous, and the circuit court was certainly

under no obligation to impose a shorter sentence simply because Rios has a drug addiction.[6]

¶24     Based on the foregoing, Rios has not established that the circuit court erroneously exercised its discretion on the grounds that it did not adequately consider and address the primary factors—protection of the public, gravity of the offense, and the defendant's characteristics—or his drug addiction in imposing sentence.

2.  Irrelevant or Improper Factor

¶25     Rios also suggests that the circuit court relied on an improper or irrelevant factor—that the charging documents reflected Rios has used numerous aliases—in imposing sentence.[7]  Having reviewed the record and sentencing transcript as a whole, this court concludes Rios has not established by clear and convincing evidence that the circuit court actually relied on an improper or irrelevant factor at sentencing.

¶26     During the sentencing hearing, the circuit court stated:  "Your record, I don't know where these aliases were all used.  You have a number of

---

[6]  It is noteworthy that in arguing he received a more "severe" sentence than warranted in light of his drug addiction, Rios seemingly ignores that despite facing a total of six years of imprisonment on the three charges at issue here, he ultimately served a fraction of that total time because the circuit court chose to run the sentences on these three charges concurrent to one another.

[7]  On appeal, as he did in his postconviction motion, Rios identifies reliance on an irrelevant or improper factor as one way in which a circuit court can erroneously exercise its sentencing discretion.  Specifically, he suggests the circuit court's observation that Rios has numerous aliases supports a finding that the court erroneously exercised its discretion because whether Rios has aliases "is irrelevant to the sentence."  Although this argument is largely undeveloped, this court addresses it for the sake of completeness in addressing Rios's assertion that the circuit court erroneously exercised its sentencing discretion.

aliases listed in the criminal information." When viewed as a whole, it is clear this single comment regarding Rios's aliases was part of the circuit court's overall reflection on Rios's inability to refrain from engaging in both felony and misdemeanor level criminal activity over a period spanning two decades, and past criminal activity is unquestionably a proper factor for consideration at sentencing. *See Harris*, 75 Wis. 2d at 519-20. Rios has therefore failed to establish by clear and convincing evidence that the circuit court's comment about his multiple aliases was an improper or irrelevant factor.

¶27     In summary, the circuit court neither failed to properly consider the required *McCleary* factors and Rios's drug addiction nor relied on an improper or irrelevant factor in imposing sentence. Accordingly, the circuit court did not erroneously exercise its sentencing discretion.

### B. Rios has not established the existence of a new factor.

¶28     "Deciding a motion for sentence modification based on a new factor is a two-step inquiry." *State v. Harbor*, 2011 WI 28, ¶36, 333 Wis. 2d 53, 797 N.W.2d 828. Whether a fact or a set of facts "constitutes a 'new factor' is a question of law." *Id.* A "new factor" is "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties." *Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975). The defendant bears the burden of establishing the existence of a new factor "by clear and convincing evidence." *Harbor*, 333 Wis. 2d 53, ¶36.

¶29     If a new factor exists, the defendant is not automatically entitled to sentence modification. *Id.*, ¶37. "Rather, if a new factor is present, the circuit

court determines whether that new factor justifies modification of the sentence." *Id.* Whether a new factor justifies sentence modification is within the circuit court's discretion. *Id.* When the circuit court concludes as a matter of law that there is no new factor, it is unnecessary to "determine whether, in the exercise of its discretion, the sentence should be modified." *Id.*, ¶38. "[I]f the court determines that in the exercise of its discretion, the alleged new factor would not justify sentence modification," it is unnecessary for the court to "determine whether the facts asserted by the defendant constitute a new factor as a matter of law." *Id.*

¶30     On appeal, Rios argues that "the unforeseen disruption to drug treatment programming in Wisconsin prisons constitutes a new factor and warrants a sentence modification." (Capitalization altered.) He also argues that the postconviction court, in denying his postconviction motion, failed to discuss "*whether the suspension of drug rehabilitation* on account of COVID-19 constituted a new factor." However, Rios did not argue in his postconviction motion that it was the *unforeseen disruption to drug treatment programming* caused by COVID-19 that constituted the "new factor" warranting resentencing or sentence modification. Rather, in his postconviction motion, Rios argued that "[t]he *COVID-19 pandemic* is a new factor that frustrates Mr. Rios'[s] ability to receive the drug treatment he needs." (Emphasis added.) In support of that argument, Rios repeatedly referred to COVID-19 as a new factor in his postconviction brief: (1) "*COVID-19* is 'highly relevant' to his sentence"; (2) "*COVID-19* is a new fact that clearly undermines, if not entirely negates, the rehabilitative intent of Mr. Rios'[s] sentence[]"; (3) "*COVID-19*, and its effect on Mr. Rios'[s] drug treatment needs, is just the sort of factor that justifies a sentence modification." (Emphasis added.)

17

¶31     While the emergence of COVID-19 and the subsequent disruption to drug treatment programming available within the prison system may be connected, Rios's general focus on *COVID-19 itself* in his postconviction brief is different than his appellate argument that it was specifically *the disruption to drug treatment programing itself* that constitutes the new factor.  Because Rios first raises the disruption-as-new-factor argument on appeal and the postconviction court therefore did not have an opportunity to consider that specific argument, this court declines to address Rios's new factor argument further.[8]  *See **In re Guardianship of Willa L.***, 2011 WI App 160, ¶¶24, 27, 338 Wis. 2d 114, 808 N.W.2d 155 (rejecting argument that appellate court "must address the merits of new legal arguments made on appeal so long as the arguments somehow relate to an issue that was raised before the circuit court" and explaining that although an appellate court may address a new argument raised on appeal, it is not required to do so).

---

[8] Even if this court addressed the merits of Rios's new argument on appeal—that the disruption to programming itself is a new factor—it would ultimately reject this argument because Rios has not established that drug treatment programming, while part of Rios's sentence, was *highly relevant* to the sentence imposed.  *See **Rosado v. State***, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975) (defining a "new factor" as "a fact or set of facts *highly relevant* to the imposition of sentence" that was unknown to the circuit or unknowingly overlooked at sentencing (emphasis added)).  Rather, the record reflects that the circuit court remained skeptical of Rios's purported drug addiction but nevertheless imposed drug treatment conditions primarily based on Rios's request for treatment.

### III. CONCLUSION

¶32   Rios pled no contest to three misdemeanors related to his February 2019 conduct involving a Dick's Sporting Goods trailer container.  In imposing sentence, the circuit court did not erroneously exercise its sentencing discretion because it sufficiently addressed the three primary factors required by *McCleary* and considered Rios's admission that he has a drug addiction in fashioning a sentence.  Rios has failed to establish the existence of a new factor warranting sentence modification, as his argument that the disruption to drug treatment programming within the prison system constitutes a new factor was not sufficiently raised before the circuit court.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

19